UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAN HARRIS,

          Plaintiff,

    v.

CHARLES SCHWAB & CO.,

          Defendant.

Case No. 4:25-cv-00807-KAW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

Re: Dkt. No. 12

On June 13, 2025, Defendant Charles Schwab & Co. filed a motion to dismiss the complaint or, in the alternative, compel arbitration. (Def.'s Mot., Dkt. No. 12.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to dismiss without leave to amend on the grounds that the lawsuit is time-barred rendering any amendment futile.

## I.    BACKGROUND

### A.    Factual Background

On or about May 8, 2004, Plaintiff Jan Harris opened two brokerage accounts with Defendant's predecessor, Scottrade, Inc. (Scottrade).[1] Plaintiff alleges that her accounts hold penny stocks. (Compl., Dkt. No. 1 ¶ 27.) In 2005, Plaintiff purchased 2,420,000 shares of stock in Bancorp International Group, Inc. ("Bancorp"). (*See* Def.'s RJN, Ex. J (Summary Order, *Harris v. TD Ameritrade Clearing, Inc.,* No. 22-cv-1968 (2d Cir. May 10, 2023), ECF No. 65-1 at 2

---

[1] Scottrade, Inc. ("Scottrade") and TD Ameritrade, Inc. ("TDA") merged in 2016. (*See* Defs.' Req. for Judicial Notice, "Defs.' RJN," Dkt. No. 13 at 3.) In 2020, TDA was acquired by Defendant, who is the surviving entity. *Id.*

("5/10/23 2d Cir. Order").) "In the intervening years, Harris initiated multiple arbitration proceedings and lawsuits against TD Ameritrade." 5/10/23 2d Cir. Order at 2. None has been successful. *Id.* This is Plaintiff's twelfth action pertaining to the same Bancorp stock. (*See* Def.'s RJN.)

Here, Plaintiff alleges that Defendant is crediting her Bancorp shares to the monthly account statements it furnishes. (Compl. ¶ 30.) On February 13, 2024, Plaintiff made a demand to have the Bancorp shares registered in her own name. (Compl. ¶ 35.) On April 16, 2024, Defendant informed her that it would not be honoring her request to register the Bancorp shares, because the Depository Trust Company ("DTC") had a global lock on the shares. (Compl. ¶ 38.) On September 3, 2024, after Plaintiff escalated the issue, she was informed that, "[t]he stock Bancorp has not traded in a very long time. No other information is available as to what may occur in the future." (Compl. ¶ 45.) Plaintiff contends that Defendant is holding on to 2,420,000 shares of Bancorp, refusing to execute the purchase order, and that it should recredit $17,236.53 back to her account. (Compl. ¶¶ 59-64.) As a result, Plaintiff contends that the account statements contain fictitious positions for the Bancorp shares for which Defendant is liable. (Compl. ¶ 73.)

### B.    Procedural Background

On January 23, 2025, Plaintiff filed the instant lawsuit alleging securities violations of (1) Section 10(b) of the Securities Exchange Act and Rule 10b-3, (2) Section 10(b) of the Securities Exchange Act and Rule 10b-5, and (3) breach of trust. (Compl. ¶¶ 94-138.)

On June 13, 2025, Defendant filed the motion to dismiss. (Def.'s Mot., Dkt. No. 12.) On June 20, 2025, Plaintiff filed an opposition to the motion to dismiss and a response to the request for judicial notice. (Pl.'s Opp'n, Dkt. No. 15; Pl.'s RJN Resp., Dkt. No. 16.) On July 7, 2025, Defendant filed a reply. (Def.'s Reply, Dkt. No. 18.)

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule

United States District Court
Northern District of California

12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B.    Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in

3

ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.    DISCUSSION

### A.    Request for Judicial Notice

As a preliminary matter, Defendant requests that the Court take judicial notice of the following documents in support of its motion to dismiss:

1. **Exhibit A**:    *Harris v. TD Ameritrade Inc. et al. CASE #: 1:17-cv-06033-LTS-BCM before the Southern District of New York and also Second Circuit Appellate Court.* Includes district court Civil Docket, Dismissal Order granting Defendant's predecessor's Motion for Declaratory Judgment, the subject motion with exhibits included demonstrating this involves the exact same parties and exact same investment, and the Second District's Appellate Order affirming the dismissal.

2. **Exhibit B**:    *Harris v. TD Ameritrade Clearing Inc. CASE #: 1:21-cv-08851-MKV before the Southern District of New York*. Includes district court Civil Docket and Order Granting Defendant's Predecessor's Motion to Dismiss demonstrating this involves the exact same parties and exact same investment.

3. **Exhibit C**:    *Harris-Kimball v TD Ameritrade, Inc. and TD Ameritrade Clearing Inc. CASE # 11-01467 before FINRA Claim Administrator and Arbitrators*. Includes Dismissal Letter from Plaintiff withdrawing her claim pursuant to Katherine H O'Neil's Decision.

4. **Exhibit D**:    *Jan Harris vs. TD Ameritrade Clearing, Inc. and TD Ameritrade,*

4

United States District Court
Northern District of California

*Inc. CASE #: 19-03724 before FINRA Office of Dispute Resolution Arbitration.* Includes FINRA dismissal order because Plaintiff's claims "are not eligible for arbitration because they have been previously considered in the FINRA forum and denied in FINRA cases 11-00018 and 13-02446, which all involve the exact same parties and exact same investment.

5. **Exhibit E**:    *Jan Harris vs. TD Ameritrade Clearing, Inc. and TD Ameritrade, Inc. CASE #: 11-00018 before FINRA Office of Dispute Resolution Arbitration.* Includes Order declining Relief regarding the subject investment and same parties.

6. **Exhibit F**:    *Jan Harris vs. TD Ameritrade Clearing, Inc. and TD Ameritrade, Inc. CASE #: 13-02446 before FINRA Office of Dispute Resolution Arbitration.* Includes Order denying Plaintiff's claims in their entirety regarding the subject investment and same parties.

7. **Exhibit G**:    *Jan Harris vs. TD Ameritrade Clearing, Inc. and TD Ameritrade, Inc. CASE #: 14-03328 before FINRA Office of Dispute Resolution Arbitration.* Includes Order rejecting Plaintiff's claims in their entirety as not eligible for arbitration regarding the subject investment and same parties.

8. **Exhibit H**:    *TD Ameritrade, Inc.v. Edward W. Kelley CASE #: 15 Civ. 714 (PAC) (BCM) before the Southern District Court of New York.* Includes Docket, Order denying Plaintiff's motion to intervene.

9. **Exhibit I**:    *Harris v. TD Ameritrade Inc. et al. CASE #: 20-1960 before the Second Circuit Court of Appeals.* Includes Second Circuit Appellate Order affirming district court's dismissal of Plaintiff's claims involving the exact same parties and exact same investment.

10. **Exhibit J**:    *Harris v. TD Ameritrade Inc. et al. CASE #: 22-1968 before the Second Circuit Court of Appeals.* Includes Second Circuit Appellate Summary Order affirming district court's dismissal of Plaintiff's claims involving the exact same parties and exact same investment.

11. **Exhibit K**:    *Harris v. The Depository TR. & Clearing Co. CASE #: 72529 before the Nevada Court of Appeals.* Includes Docket showing dismissal of Plaintiff's claims affirmed.

(Def.'s RJN at 2.)

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). The Court concludes that Exhibits A through K are court records from FINRA and other state and federal court proceedings, which are subject to judicial notice. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5

Additionally, Defendant asks that the Court take judicial notice of the fact that Scottrade, Inc. and TD Ameritrade, Inc. ("TDA") merged in 2016, and that, in 2020, TDA was acquired by Defendant, who is the surviving entity. (Def.'s RJN at 3.)  Plaintiff does not dispute that Defendant is the successor trustee. (*See* Pl.'s RJN Resp. at 3.)

Accordingly, Defendants' request for judicial notice is GRANTED.

### B.    Motion to Dismiss

Defendant moves to dismiss on the grounds that the case is barred by the statute of limitations. (Def.'s Mot. at 7, 14.)  In the alternative, Defendant seeks to compel arbitration. *Id.* at 7.

In opposition, Plaintiff contends that her case is timely, because Defendant assumed responsibility for the administration of her securities accounts on or around May 31, 2023, and she filed the lawsuit on January 23, 2025. (Pl.'s Opp'n at 17.)  She argues that the discovery rule applies to the breach of trust claim and that each of the 57 account statements is an independent basis for that claim. *Id.* at 19-20.

At the same time, Plaintiff acknowledges in her response to Defendant's request for judicial notice that the prior cases were dismissed on procedural grounds based on orders compelling arbitration or were dismissed as untimely. (Pl.'s RJN Resp. at 2.)  Plaintiff's lawsuit and her opposition are based on a fundamental misunderstanding of when claims accrue. Plaintiff does not get another bite at the proverbial apple regarding the same shares of Bancorp because a new trustee took over or the fact that California law now applies to the same shares of stock that were previously repudiated. (*See* Pl.'s Opp'n at 19, 21.)  Plaintiff purchased the Bancorp shares 20 years ago, and, as the Second Circuit Court of Appeals determined, any claims pertaining to those shares are time-barred. (5/10/23 2d Cir. Order at 4.)  Thus, the Court adopts the Second Circuit's reasoning:

> Harris also contends that the limitations period has not started to run because the fiduciary relationship continues due to the non-repudiation of the trust. However, "[t]he reason for such a tolling rule is that the beneficiary should be entitled to rely upon a fiduciary's skill without the necessity of interrupting a continuous relationship of trust and confidence by instituting suit." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001). Here, as the district court

correctly determined, *see Harris*, 2022 WL 3544171, at \*7, Harris cannot show any reasonable reliance on the continuing fiduciary relationship which was repudiated, at the very latest nearly a decade ago, when TD Ameritrade successfully opposed Harris in the 2014 arbitration.

*Id.* Indeed, since Defendant is TD Ameritrade's successor, Plaintiff cannot reasonably rely on the continuing fiduciary relationship when the predecessor successfully opposed her in the 2014 arbitration. *Id.* Furthermore, Plaintiff's argument that the discovery of any information pertaining to Bancorp was somehow delayed due to them being listed on her Schwab account statements is belied by all of her prior lawsuits. (*See* Pl.'s Opp'n at 19.) That she is now attempting to dress up these stale claims as securities violations is of no consequence, because she knew that her Bancorp shares were locked by the DTC, and could not be traded, more than 10 years prior to the filing this lawsuit. (*See* 5/10/23 2d Cir. Order at 4.)

Moreover, as Defendant points out in reply, Plaintiff makes no allegation that she bought new shares of Bancorp stock and she does not allege that Defendant sold, distributed, purchased or recommended anything to do with those shares or any other types of securities. (Def.'s Reply at 3.)  In fact, the complaint acknowledges that Defendant advised her that it could not register her shares because of a global lock, and that "Bancorp ha[d] not traded in a very long time." (*See* Compl. ¶¶ 38, 45.)  This was not new information for Plaintiff, who, since 2010, has unsuccessfully litigated more than 10 cases involving the same Bancorp shares. (*See* Def.'s Mot. at 14; Def.'s RJN, Exs. A-K.)

Finally, despite Plaintiff's arguments to the contrary, the regular account statements do not support the continuous accrual doctrine. (*See* Pl.'s Opp'n at 20.)  "To determine whether the continuous accrual doctrine applies here, we look [] to the nature of the obligation allegedly breached." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1200, 292 P.3d 871, 881 (2013). Here, Plaintiff alleges that, since January 1, 2025, the account statements furnished by Defendant contained fictitious securities positions for the Bancorp shares. (Compl. ¶¶ 99-102.)  In so doing, Plaintiff alleges that Defendant's employees were concealing material facts regarding the shares. (Compl. ¶¶ 103-104.)  Based on the judicially noticed documents, however, Plaintiff cannot plausibly allege that she was unaware that she could not register the shares due to the DTC's

global lock, because she has repeatedly litigated the refusal to register same shares and Defendant's predecessor successfully opposed her efforts. *See Harris v. TD Ameritrade Clearing Inc.,* No. 1:21-CV-8851 (MKV), 2022 WL 3544171, at *7 (S.D.N.Y. Aug. 18, 2022), aff'd, No. 22-1968-CV, 2023 WL 3332560 (2d Cir. May 10, 2023). Thus, the continuous accrual doctrine does not save her claims, because she knew the shares included on her statement were locked and not subject to registration.

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Charles Schwab & Co.'s motion to dismiss with prejudice on the grounds that the case is barred by the statute of limitations, rendering any amendment futile.

The Court will enter judgment separately.

IT IS SO ORDERED.

Dated: March 5, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

8