UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAN HARRIS,

          Plaintiff,

    v.

CHARLES SCHWAB & CO.,

          Defendant.

Case No.  4:25-cv-00807-KAW

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER RULE 59(e)**

Re: Dkt. No. 39

On March 13, 2026, Plaintiff Jan Harris filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) of the judgment entered in favor of Defendant Charles Schwab & Co. on March 5, 2026.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for reconsideration.

## I.    BACKGROUND[1]

On March 5, 2026, this Court granted Defendant's motion to dismiss on the grounds that the claims were time-barred.  (Order, Dkt. No. 35.)  The same day, judgment was entered in favor of Defendant and against Plaintiff.  (Judgment, Dkt. No. 37.)

On March 13, 2026, Plaintiff filed a motion for reconsideration arguing that the Court made a mistake of law when it dismissed the complaint as untimely.  (Pl.'s Mot., Dkt. No. 39.) Plaintiff attached a proposed first amended complaint. (Proposed First Am. Compl., "Proposed FAC," Dkt. No. 39 at 28.)  In sum, Plaintiff requests that the Court amend the March 5, 2026

---

[1] The factual and procedural background of this case was set forth in the Court's order granting the motion to dismiss, and, therefore, will not be repeated here. (Order, Dkt. No. 35 at 1-2.)

United States District Court
Northern District of California

order, vacate the judgment, and allow her to file the proposed first amended complaint. (Pl.'s Mot. at 18.)  On March 31, 2026, Defendant filed an opposition to the motion.  (Def.'s Opp'n, Dkt. No. 41.)  On April 6, 2026, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 42.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within 28 days of the entry of judgment.  "There are four grounds upon which a Rule 59(e) motion may be granted:  1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotations omitted).  A motion to alter or amend a judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted).  A district court has considerable discretion when deciding a Rule 59(e) motion. *Turner*, 338 F.3d at 1063.

## III.    DISCUSSION

Plaintiff brings the instant motion on the grounds that the Court committed clear error in reaching its decision, which she claims is also manifestly unjust.  (Pl.'s Mot. at 1, 6.)  Plaintiff argues that the Court made a mistake of law by finding the case time-barred through the adoption of the Second Circuit's 2023 decision. *Id.* at 2.  Instead, Plaintiff contends that, since she now alleges trust claims or securities violations, the claims are either not subject to a statute of limitations or that the five-year statute of limitations for § 10(b) securities claims applies. *Id.* Moreover, Plaintiff contends that there is a manifest injustice in leaving her Bancorp shares in Defendant's custody against her wishes without requiring it to account for and distribute the property in the relevant securities account (ending in x6593). *Id.* at 6.

United States District Court
Northern District of California

In opposition, Defendant contends that Plaintiff's arguments are based on a fundamental misunderstanding of claim accrual, and that Plaintiff's "attempt to label stale claims as 'breach of trust' or securities violations does not revive them simply because she tried herself to recast them as new or unique claims." (Def.'s Opp'n at 3.)  Additionally, Defendant argues that Plaintiff's own mistake, coupled with her extensive knowledge of any alleged injury long before her claims expired, cannot amount to manifest injustice.

A motion to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485.  Plaintiff had ample opportunity to address these issues in her opposition brief, and she generally did. (*See generally* Order, Dkt. No. 35.)   The Court considered the arguments Plaintiff advanced and ultimately rejected them.  Plaintiff's desire to re-argue those issues in order to emphasize or highlight certain points is not a proper basis upon which to grant a motion to alter or amend the judgment.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("A motion for reconsideration of summary judgment is appropriately brought under Rule 59(e). . . .  The motion was properly denied because, as [the Judge] noted, it presented no arguments that had not already been raised in opposition to summary judgment.")

Accordingly, Plaintiff's motion must be denied.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3